1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MONTANO, ) | Case No. CV 15-08333-RGK (KES) |
| Petitioner, ) | |
| ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| SCOTT FRAUENHIEM ) | |
| (Warden), ) | |
| Respondent. ) | |

On or about  October 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. (DE #1.)[1]  The Petition is  directed to a September 16, 1996 conviction sustained by Petitioner in the Los Angeles County

---

[1]     The Court takes notice that Petitioner signed and verified his Federal Petition on October 20, 2015. "Under the mailbox rule, a prisoner's pro se  habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Campbell v. Henry,  614 F.3d 1056, 1058-59 (9th  Cir. 2010) (citations omitted); Houston v. Lack, 487 U.S. 266 (1988).  A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)(per curiam) (as amended).

1

Superior Court, for second degree murder with an allegation that a principal was armed in violation of California Penal Code ("PC") §§187(a) and 12022(a). The jury also found true that Petitioner had suffered two prior serious and violent felonies in violation of PC §§1170.12(a)-(d), 667(b)-(i), and 667(a). (Id. at 4[2].) Petitioner was sentenced on October 4, 1996 to state prison for a term of 15 years to life on the second degree murder conviction, 6 years on the gun allegations, and 51 years to life under the Three Strikes Law. (Id.) In the instant Petition, Petitioner alleges three grounds for relief: (1) Petitioner's recent sentence was illegally enhanced on the basis of a prior conviction which was unconstitutional and violated Petitioner's rights under the Fifth and Eighth Amendments. Specifically, Petitioner challenges the prior conviction on the grounds it forms the basis for his new sentence[3]; (2) Petitioner alleges the trial court abused its discretion under PC §954 and committed reversible

---

[2]   For ease of reference, the Court will refer to the pages as noted in the CM/ECF docket.

[3]   On January 14, 2014, Petitioner was sentenced in the Monterey County Superior Court [Case No. SS130424A], to 25 years to life for violating PC §4573.6 (possession of a controlled substance in prison) and PC §§667(b)-(i) and 1170.12(c)(2) (prior strike allegations). (DE #1 at 38-39.) Petitioner appealed to the California Court of Appeal. (Id. at 41.) The Court has obtained a copy of the California Court of Appeal's decision in The People v. Daniel Montano, Case No. H040571. On appeal, Petitioner's counsel filed an opening brief raising no issues and asked the Court for an independent review of the record as required by People v. Wende, 25 Cal.3d 436 (1979). Petitioner filed a supplemental letter raising two arguments: (1) the trial court erred in denying Petitioner's motion to dismiss all but one of his prior strikes pursuant to People v. Romero, 13 Cal. 4th 497 (1996); and (2) the imposed restitution fine was unreasonable. The California Court of Appeal affirmed his conviction on September 9, 2014.

To the extent Petitioner wishes to challenge his conviction and sentence sustained in the Monterey County Superior Court, he must file a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California. (28 U.S.C. §§ 2241(d), 84(a).)

2

error by granting the prosecutor's motion for consolidation of co-defendant's carjacking case; and (3) Ineffective assistance of counsel for failing to sever Petitioner's case from his co-defendant's carjacking case. (Id. at 7-8; 16-33.)

The Court's review of the Petition reveals that it suffers from the following deficiencies:

1.   It appears from the face of the Petition that this action is time-barred.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).[4]  The AEDPA provides a one-year limitation period as follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Here, pursuant to Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings

---

[4]    Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

that have been located (including on the Internet)"), the Court takes judicial notice from the California Appellate Courts' website that Petitioner's conviction was affirmed on direct appeal on June 8, 1998, and Petitioner did not file a Petition for Review in the California Supreme Court. Thus, Petitioner's judgment of conviction became final by conclusion of direct review or the expiration of the time for seeking such review on July 18, 1998, 40 days after the conviction was affirmed on direct appeal. ( Cal. Rules of Court, Rule 8.500[formerly Rule 28(b)]; Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002)). Accordingly, the statute of limitations commenced to run on July 18, 1998, unless subsections B, C or D of 28 U.S.C.§ 2244(d)(1) apply.

Petitioner makes no contention that he was impeded from filing his federal petition by unconstitutional state action and is thereby entitled to a later trigger date under § 2244(d)(1)(B). Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (rejecting proposition that state's determination of state law can constitute "impediment" under 28 U.S.C. §2244(d)(1)(B) as provision applies to impediments to filing a petition, not law which impacts whether a claim is meritorious), cert. denied, 546 U.S. 1171 (2006).

Petitioner also makes no contention that he is entitled to a later start date under § 2244(d)(1)(C) with respect to his claims. Petitioner does not rely upon any constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Finally, Petitioner has no basis for contending that he is entitled to a delayed start date under § 2244(d)(1)(D) based on delayed discovery. Under that subsection, the statute of limitations begins to run when the "factual predicate" of Petitioner's claims "could have been discovered through the exercise of due diligence." The term 'factual predicate' refers to the facts underlying the claim, not the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)("This is not to say that [Petitioner] needed to understand the legal significance of those facts - rather than simply the facts themselves - before the due diligence (and hence the

4

limitations) clock started ticking"). Because the claims raised in Grounds Two and Three of the Petition concern alleged constitutional violations that occurred during Petitioner's trial, Petitioner knew or should have known the important facts on which he bases his claims at the time he was sentenced in 1996 and upon the expiration of his direct appeal in 1998. At most, "[P]etitioner's allegations merely establish that he was unaware of the legal significance of the facts underlying his sentencing error and ineffective assistance of counsel claims ... not that [P]etitioner was unaware of the factual predicate of those claims." Perry v. Uribe, 2011 WL 6257139 *6 (C.D. Cal. Nov. 10, 2011), adopted , 2011 WL 6288107 (C. D. Cal. Dec.15, 2011). The fact that Petitioner did not appreciate the legal significance of these facts does not constitute a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D).

Furthermore, Petitioner's claim in Ground One, that his recent sentence sustained in 2014 in the Monterey County Superior Court [Case No. SS130424A ] for possession of a controlled substance in prison in violation of PC §4573.6 and that he suffered four prior strikes in violation of PC §§ 667(b)-(i) and 1170.12(c)(2), was illegally enhanced on the basis of his 1996 murder conviction fails to state a cognizable claim and does not extend the one year statute of limitations with regard to the instant Petition wherein Petitioner is challenging his 1996 conviction for second degree murder.

Accordingly, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was July 18, 1999. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner constructively filed his Petition on October 20, 2015; thus, the Petition was filed approximately seventeen years after the statute of limitations expired and is facially untimely, absent statutory or equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda

1  v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed below, it

2  appears to the Court  that Petitioner has not met his burden with respect to

3  demonstrating any entitlement to statutory or equitable tolling.

4       The AEDPA provides for statutory tolling, as follows:

5          The time during which a properly filed application for State post-
        conviction or other collateral review with respect to the pertinent

6          judgment or claim is pending shall not be counted toward any

7          period of limitation under this subsection.

8  28 U.S.C. § 2244(d)(2).  The United States Supreme Court has interpreted this

9  language to mean that the AEDPA's statute of limitations is tolled from the time the

10  first state habeas petition is filed until the California Supreme Court rejects a

11  petitioner's final collateral challenge, so long as the petitioner has not unreasonably

12  delayed during the gaps between sequential filings.  Carey v. Saffold, 536 U.S. 214,

13  219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's

14  application for collateral review remains "pending" during the intervals between the

15  time a lower state court denies the application and the time the petitioner files a further

16  petition in a higher state court).

17       It appears from the face of the Petition, the attachments thereto and the Court's

18  judicial notice of the California Appellate Courts' website, that Petitioner's first

19  collateral challenge to his 1996 conviction, was a  habeas petition that he filed in the

20  Los Angeles County Superior Court on or about January 15, 2015. (DE #1 at 5.)  The

21  Los Angeles County Superior Court issued an Order denying the Petition on February

22  5, 2015, finding all three claims were without merit. (Id. at 58-59.) The Court found

23  Petitioner's contention that his 1996 conviction was used to enhance his sentence in

24  a subsequent case failed  to state a cognizable claim and  did  not affect the validity

25  of the original conviction. (Id.) The Court further found that Petitioner's claims that

26  the trial court abused its discretion in allowing Petitioner to be tried in the same trial

27  with his co-defendant and that his counsel was ineffective for failing to bring a motion

28  to sever, were untimely. The Court cited In Re Clark, 5 Cal. 4th 750, at 765 which

1   dealt specifically with the bar of untimeliness.  Because Petitioner's untimely petition
2   must be treated as improperly filed, or as though it never existed for purposes of
3   section 2244(d)(2),the pendency of that petition did not toll the limitations period.
4   Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir.) cert. denied, 131 S. Ct. 3039 (2011).

5          Thereafter, on March 2, 2015, Petitioner filed a habeas petition in the California
6   Court of Appeal which was denied on May 6, 2015. (Id. at 63.) The Court of Appeal
7   found Petitioner's contention that the trial court improperly relied on his murder
8   conviction to impose a Three Strikes sentence in another matter, was without merit.
9   The Court further found that Petitioner's other claims were raised and rejected on
10  appeal and would not be reconsidered, and that the petition was untimely. (Id. at 63.)

11         Petitioner then filed a habeas petition in the California Supreme Court on June
12  4, 2015 which was denied on September 9, 2015. (Id. at 65.)

13         All of these collateral challenges were filed approximately seventeen years too
14  late. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.)(holding that §2244(d) "does
15  not permit the reinitiation of a limitations period that has ended before the state
16  petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S.
17  924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v.
18  Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143
19  (2002). Thus, it does not appear to the Court that Petitioner is entitled to any statutory
20  tolling of the limitation period.

21         In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that
22  the AEDPA's one-year limitation period also is subject to equitable tolling in
23  appropriate cases. However, in order to be entitled to equitable tolling, the petitioner
24  must show both that (1) he has been pursuing his rights diligently, and (2) some
25  extraordinary circumstance stood in his way and prevented his timely filing. Holland,
26  560 U.S. at 649 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the
27  Pace standard is consistent with the Ninth Circuit's "sparing application of the
28  doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th

Cir.), <u>cert. denied</u>, 558 U.S. 897 (2009).  Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  <u>Porter</u>, 620 F.3d at 959 (quoting <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  <u>Miranda</u> , 292 F.3d at 1066.  Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>Waldron-Ramsey</u>, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the Petition or the attachments thereto that Petitioner has any basis for equitable tolling of the limitation period.  The Court notes in this regard that neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling Petitioner to any equitable tolling of the limitation period.  <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling).

Thus, the Petition constructively filed on or about October 20, 2015, is untimely by approximately17 years.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule

4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **December 21, 2015**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. Alternatively, if Petitioner wishes to pursue his claims regarding his 2014 conviction sustained in the Monterey County Superior Court [Case No.SS130424A], he  may file a Request for Voluntary Dismissal of the instant Petition and file a Petition in the United States District Court for the Northern District of California. The Court Clerk is directed to send Petitioner a copy of the habeas form utilized in the Northern District of California.

DATED: November 10, 2015

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

9